**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                                              :

MARGARET BRODERICK, on behalf of herself  :
and all others similarly situated,                     :
                                              :
               Plaintiff,                     : Civil Action No.
                                              :
vs.                                              : **CLASS ACTION COMPLAINT**
                                              : **AND JURY TRIAL DEMAND**
VIKING CLIENT SERVICES, INC.,              :
                                              :
               Defendant.                   :
                                              :
———————————————————X

Plaintiff MARGARET BRODERICK ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant VIKING CLIENT SERVICES, INC. the following:

**INTRODUCTION**

1.     This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## III. PARTIES

6. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff MARGARET BRODERICK is a natural person residing in Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant VIKING CLIENT SERVICES, INC. ("Viking" or "Defendant") is a corporation organized under the laws of

2

the State of Minnesota with its principle place of business located in Eden Prairie, Minnesota.

9. Based upon information and belief, Defendant is in the business of collecting debts in this state. Defendant's principal purpose is the collection of debts in this state, and Defendant's attempt to collect debts alleged to be due another.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant where the creditor is PNC Bank and which contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*

- The Class period begins one year prior to the filing of the original complaint.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

3

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692d, 1692e and 1692f, and subsections cited therein.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed

5

Case 2:33-av-00001 Document 28455 Filed 03/17/17 Page 6 of 16 PageID: 829894

without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to March 17, 2016, Plaintiff allegedly incurred a financial obligation to PNC Bank ("PNC").

18. PNC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. Also prior to March 17, 2016, PNC, either directly or through intermediate transactions, assigned, placed or transferred the PNC obligation to Defendant for purposes of collection.

20. At the time the PNC obligation was assigned, placed, or transferred to Defendant such obligation was in default.

6

21. Defendant caused to be delivered to Plaintiff a letter dated March 17, 2016 concerning the PNC obligation and sought collection of an account balance of $1366.83 from Plaintiff. A copy of said letter is attached as **Exhibit A**.

22. The March 17, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Upon receipt, Plaintiff read the March 17, 2016 letter.

24. The alleged Capital One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

25. The March 17, 2016 collection letter states:

> **The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in the amount of $600 or greater.** If the Settlement amount **that you agreed to pay** results in a discharge of $600 or more of the account principal balance due on the account, the creditor may be required to report that amount to the IRS via IRS Form 1099C. A copy of this will be provided by the creditor.

("IRS Reporting Language") (emphasis added)

26. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of **principal** need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(emphasis added.)

7

27. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

28. The least sophisticated consumer would understand the first sentence of the IRS Reporting Language to mean that the creditor is required in **all circumstances** by IRS regulations to report forgiveness of debt on a Form 1099-C for any debt that is cancelled which equals or exceeds $600, irrespective of whether the amount discharged is interest or principal. However, this is contrary to the requirements under the quoted CFR provisions.

29. Additionally, the least sophisticated consumer would be confused when reading the second sentence of the IRS Reporting Language, which states that the creditor "may be required" to report to the IRS, because the second sentence of the IRS Reporting Language is inconsistent with the first sentence of the IRS Reporting Language.

30. Furthermore, the second sentence of the IRS Reporting Language is also legally incorrect. The second sentence state that there may be IRS reporting, "if the Settlement amount that you agreed to pay results in a discharge of $600 or more." However, in fact such reporting is not triggered by the amount that the consumer agrees to pay, but rather by the amount **actually paid**. If the consumer actually pays more or less than the agreed upon amount, the amount actually paid will determine the amount that needs to be reported, not the amount that he or she agreed to pay.

31. Although the Defendant had no duty to disclose any potential tax ramifications, when a Defendant chooses to give tax disclosures, it must do so in a way that will not mislead the least sophisticated consumer as to his or her tax consequences.

32. If debt collectors are providing tax advice with regards to the reporting of

8

forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures which are inconsistent and not true.

33. The 1099-C language included in the collection letter is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. By reading the first sentence of the IRS reporting language, the least sophisticated consumer will be led to believe that if a settlement erases any amount of debt greater than $600, then the creditor is always required to report the forgiveness of debt to the IRS, per the IRS regulations, even if only interest is discharged.

34. By reading the second sentence of the IRS Reporting Language, the least sophisticated consumer will be led to believe that IRS reporting may be triggered by the settlement amount that he or she agrees to pay and not the amount actually paid.

35. Additionally, the least sophisticated consumer will be confused by reading the inconsistency contained between the first and second sentence of he IRS Reporting Language.

36. Defendant's statements are inherently deceptive and misleading, by giving erroneous, inconsistent and incomplete tax information.

37. Also, the least sophisticated consumer may believe that in order to avoid reporting to the IRS, he or she will be have to pay no less than the whole debt less $600.00.

38. If the creditor wishes to legitimately give tax advice in a sincere manner, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to

9

interest forgiveness, and that the amount reported will be based upon the amount actually paid.

39. The debt collector should also specify with respect to the balance due amount, what portion is principal and what portion is interest. Given the Account Balance of $1366.83 and the offer to resolve the account for 40% of the current amount due, without the inclusion of the amount of principal and interest in the collection letter, there is no way for the consumer to know whether or not acceptance of the settlement offer would subject the consumer to IRS reporting.

40. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

41. The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

42. Such a statement in a collection letter also suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

43. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

44. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

45. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

46. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

47. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

48. Defendant's communication was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits.

50. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

51. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional

stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

52. It is Defendant's policy and practice to send written collection communications in the form exemplified by Exhibit A in an attempt to collect consumer debts in violation of the FDCPA.

53. Defendant used the same procedures in sending the March 17, 2016 collection letters to numerous other New Jersey consumers.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55. Defendant violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempt to collect a debt from Plaintiff.

57. Defendant violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of the debt.

58. Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

59. Defendant violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

60. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect on a debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 17, 2017                  Respectfully submitted,

                                         By: s/ Lawrence C. Hersh
                                                 Lawrence C. Hersh, Esq.
                                                 17 Sylvan Street, Suite 102B
                                                 Rutherford, NJ 07070
                                                 (201) 507-6300

                                                 *Attorney for Plaintiff on behalf of herself*
                                                 *and all others similarly situated*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  March 17, 2017    By: s/ Lawrence C. Hersh
                                                  Lawrence C. Hersh, Esq.

EXHIBIT A

SDVIKI10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**VIKING**
CLIENT SERVICES

Eden Prairie MN 55344-3678

800-767-7905

March 17, 2016

MAIL ALL CORRESPONDENCE TO:

VIKING CLIENT SERVICES, INC.
PO Box 59207
Minneapolis MN 55459-0207

Margaret Broderick

VCS Account #:
Account Balance: $1366.83
You may pay online at www.payvcs.com or contact us at 800-767-7906

---

Past Due Balance
***Detach Upper Portion And Return With Payment***

VCS Account #:
Account Balance: $1366.83

Creditor: PNC Bank
Account #: XXXXXXXXXXXX3127

At Viking Client Services, Inc., we understand that unexpected situations may result in financial difficulties for you. Our Account Representatives will work with you to find the best possible repayment arrangement for your financial situation.

PNC Bank has authorized us to extend an offer to you to resolve your account for 40% of the current amount due. You can accept this offer by sending in a payment within 30 days from the date of this letter. If payment by this date is not possible, contact us at 800-767-7906 to discuss other settlement options which may include additional time to respond to this offer. We are not obligated to renew this offer. Should your settlement payment(s) be returned for any reason by your banking institution, this settlement offer may be considered null and void.

Upon completion of the settlement, your account will be considered settled with Viking Client Services, Inc. and we will notify our client PNC Bank.

If you decide to take advantage of a settlement on your account, please note the following information from our client PNC Bank: The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in the amount of $600 or greater. If the settlement amount that you agreed to pay results in a discharge of $600 or more of the account principal balance due on your account, the creditor may be required to report that amount to the IRS via IRS Form 1099C. A copy of this will be provided to you by the creditor.

Sincerely,
Valerie Podolinski
Viking Client Services, Inc.
800-767-7906

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you wish to pay online, please go to www.payvcs.com or contact us at the number given above for more information. Please make all payments payable to "Viking Client Services, Inc.".

Have a comment on Viking Client Services? Viking has an automated comment line available 24 hours a day (800) 201-0050

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

2SDVIKI10286    (E4)

 

Viking Client Services, Inc. ♦ 7500 Office Ridge Circle ♦ Eden Prairie MN 55344-3678 ♦ 800-767-7905