NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET BRODERICK, *on behalf of herself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>VIKING CLIENT SERVICES, INC.,<br><br>Defendant. | Civil Action No.: 17-1827 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Viking Client Services, Inc.'s Motion to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8). Plaintiff Margaret Broderick has submitted Opposition (ECF No. 11), to which Defendant has replied. (ECF No. 12). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint.

## I.   BACKGROUND[1]

Plaintiff brings this putative class action alleging that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA"). *(See generally* ECF No. 1 ("Compl.")). Specifically, Plaintiff alleges that Defendant is a Minnesota based collection agency and is in the business of collecting debts owed by various debtors to banks and/or other institutions, which had previously

---

[1] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

extended the debtors some form of credit. (Compl. ¶¶ 8-10). Defendant performs such debt collection actions by utilizing regular mail, telephone calls, and/or emails. (Compl. ¶ 10).

Plaintiff further alleges that she is a "consumer" as defined by the FDCPA, citing to 15 U.S.C. § 1692a(3), and that Defendant is a "debt collector" as set forth in 15 U.S.C. § 1692a(6). (Compl. ¶¶ 14-16). At some point prior to March 17, 2016, Plaintiff incurred a debt due and owing to non-party PNC Bank ("PNC"), which is a "creditor" as defined under 15 U.S.C. § 1692a(4). (Compl. ¶¶ 17-18). Also prior to the aforementioned date, PNC placed said debt incurred by Plaintiff with Defendant for purpose of collections. (Compl. ¶ 19). The debt was in default at all times it was in Defendant's possession for said purpose. (Compl. ¶ 20).

On March 17, 2016, Defendant sent Plaintiff a letter, which Plaintiff further asserts is a "communication" as defined by 15 U.S.C. § 1692a(2), seeking to collect the outstanding PNC balance of $1,366.83. (Compl. ¶ 21). Plaintiff asserts that she read the letter and that "[t]he alleged Capital One[2] obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes." (Compl. ¶¶ 23-24). Said letter contained the following language:

> **The Internal Revenue Service (IRS) <u>requires</u> financial institutions to annually report to the IRS discharges of debt in the amount of $600 or greater.** If the Settlement amount that you agreed to pay results in a discharge of $600 or more of the account principal balance due on the account, the creditor may be required to report that amount to the IRS via IRS Form 1099C. A copy of this will be provided by the creditor.

(Compl. ¶ 25) (emphasis in original). Plaintiff further alleges that discharge of an amount that consists of interest is not reportable to the IRS, but rather only the stated principal amount is

---

[2] The Court presumes that this is a typographical error and that Plaintiff meant to discuss the PNC debt obligation that is contained in the balance of the Complaint, since this is only referenceto, or mention of, "Capital One."

reportable to the IRS upon discharge. (Compl. ¶¶ 26-27). According to Plaintiff, this language in Defendant's letter is deceptive since it is confusing to the least sophisticated consumer because it can be read to mean the entire amount discharged will be reported to the IRS, but can also be read to mean only the stated principal balance can be reported to the IRS. (Compl. ¶¶ 27-28).

"Additionally, the least sophisticated consumer would be confused when reading the second sentence of the IRS Reporting Language, which states that the creditor 'may be required' to report to the IRS, because the second sentence of the IRS Reporting Language is inconsistent with the first sentence of the IRS Reporting Language." (Compl. ¶ 29). According to Plaintiff, the letter is further confusing because the letter asserts that IRS Reporting may be possible "if the Settlement amount that [the consumer] agreed to pay results in a discharge of $600 or more," but the fact of the matter is that "such reporting is not triggered by the amount that the consumer agrees to pay, but rather by the amount **actually paid.**" (Compl. ¶ 30) (emphasis in original). Accordingly, Plaintiff brought this action asserting that the letter contained language in violation of the FDCPA and seeking to recover damages.

## II. LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS[3]

Plaintiff's putative class action complaint asserts violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*, on behalf of herself, as well as others who are similarly situated. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasions of individual privacy." *Id.* § 1692(a). "As remedial

---

[3] The Court notes that Defendant does not address the sufficiency of the class action allegations, and, therefore, the Court will not address same herein.

4

legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "[W]hile the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and *presuming a basic level of understanding and willingness to read with care.*'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)) (emphasis added). The Third Circuit has held that even the least sophisticated consumer is "*bound to read collection notices in their entirety.*" *Compuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298-99 (3d Cir. 2008)(emphasis added).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). Here, Plaintiff has sufficiently alleged three of the four elements. (*See* Compl. ¶¶ 8-10, 14-24).

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f, because Defendant's debt collection letters contained "deceptive" language. (Compl. ¶ 55). Section 1692f prohibits "unfair practices" and states in part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any

5

debt." 15 U.S.C. § 1692f. Meanwhile, section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including: falsely representing "the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), "threat[ening] to take any action that cannot legally be taken," *id.* § 1692e(5), or "us[ing] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

As noted, Defendant moves to dismiss Plaintiff's Complaint for two reasons. (ECF No. 8-1 ("Def. Mov. Br.")). First, Defendant asserts that this action is untimely because it was supposedly filed one year after the date of the subject letter and is therefore barred by the applicable statute of limitations. (Def. Mov. Br. at 4). Additionally, Defendant asserts that Plaintiff has failed to plead a *prima facie* cause of action under the FDCPA. (Def. Mov. Br. at 6). The Court rejects both of these arguments.

An action under the FDCPA "may be brought ... within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). According to Defendant's first argument, this action was untimely filed because the letter Defendant sent to Plaintiff was dated March 17, 2016, and this action was not filed until March 17, 2017. (Def. Mov. Br. at 4-6). Relying on an Eight Circuit case, Defendant concludes that an FDCPA action filed on the anniversary of the date of when the communication was sent to the consumer is time barred. (Def. Mov. Br. at 5-6) (citing *Mattons v. U.S. West Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). However, many courts, including courts in this District, have reached the opposite conclusion, *i.e.* the last date a consumer may bring an action under the FDCPA is the day of the anniversary of the purported violation. *See Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002); *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995); *Diena*

*v. Certified Credit & Collection Bureau, Inc.*, 2015 WL 570247 (D.N.J. Feb. 11, 2015); *McDonald v. Richard J. Boudreau & Assocs., L.L.C.*, 2013 WL 3479273 (D.R.I. July 10, 2013); *Danow v. Borack*, 2006 WL 5516577 (S.D. Fla. Jan. 30, 2006), *rev'd on other grounds*, 197 F. App'x 853 (11th Cir. 2006); *Hooper v. Capital Credit & Collection Serv., Inc.*, 2004 WL 825616 (D. Or. Jan. 16, 2004); *Clark v. Bonded Adjustment Co., Inc.*, 204 F.R.D. 662 (E.D. Wash. 2002).

Indeed, as Plaintiff notes, the Tenth Circuit explicitly discussed, and rejected, the holding in *Mattson*. *See generally Johnson*, 305 F.3d 1107. In *Johnson*, the Court explained that "[w]henever one speaks of something occurring 'within a day,' of an event, everyone would understand that to mean the next day after the event, not solely on the same day as the event." *Johnson*, 305 F.3d at 1115. The court then extended this logic finding that "within one year" did mean that "suit must be filed on or before the anniversary date of the event, not the day before the anniversary," and that the day the violation occurred is not included in the calculation. *Id.* (collecting cases).

This Court agrees with the logic set forth in *Johnson*, as well as the litany of cases cited above that reached the same conclusion. Accordingly, because the alleged FDCPA violation occurred on March 17, 2016, Plaintiff had until March 17, 2017 to bring her action. Plaintiff filed her lawsuit on March 17, 2017, which was within the one-year statute of limitations period, and is therefore timely.

The Court also finds that Plaintiff has pled a *prima facie* cause of action under the FDCPA. Indeed, Plaintiff has alleged that she is a consumer as defined by the FDCPA. (Compl. ¶ 14). Plaintiff further alleged that Defendant is a debt collector as required by the FDCPA. (Compl. ¶¶ 15-16). Additionally, Plaintiff concedes she incurred a debt, which was due and owing to PNC,

and that Defendant, a debt collector, made attempts to collect the debt, as a debt collector, by sending her the March 17, 2016 letter. (Compl. ¶¶ 19-21). Finally, Plaintiff asserts the March 17, 2016 letter violates the FDCPA because the IRS reporting language is confusing to the least sophisticated consumer. (Compl. ¶¶ 26-30).

With regards to the language in the letter, this Court finds that, at this stage in the litigation, the IRS reporting language can be confusing to the least sophisticated consumer. The first sentence of the above quoted language can be read as a definitive reporting requirement, while the second makes reporting seem like a potential, but not definite, occurrence. Additionally, the IRS reporting language fails to explain, in clear terms, whether the entire forgiven amount (including interest), or merely the stated principal balance, would be reported to the IRS if reporting is required. Hence, the Court is satisfied that Plaintiff has sufficiently pled a *prima facie* cause of action for violation of the FDCPA and will not dismiss her Complaint.

## IV. <u>CONCLUSION</u>

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby denied. An appropriate Order accompanies this Opinion.

DATED: September 26th, 2017

JOSE L. LINARES
Chief Judge, United States District Court